Ramón Antonmattei y Pietri, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

No. 807.—*Sometido:* Abril 23, 1930   *Resuelto:* Abril 30, 1930.

L. *López de Victoria,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Al presentársele una certificación librada por el alcalde y el secretario-auditor de un municipio, en la que constaba que el municipio era dueño de dos solares urbanos, el registrador se negó a inscribir el documento.

El primero de los varios fundamentos señalados para la negativa es que el alcalde y el secretario no estaban autorizados por la Ley Municipal para ejercer poder o dominio alguno sobre bienes pertenecientes al municipio, y que no

podían solicitar que tal propiedad fuese inscrita a nombre del municipio a menos que fueran previamente autorizados por una ordenanza aprobada por la asamblea municipal.

El artículo 36 del Reglamento para la ejecución de la Ley Hipotecaria dispone que:

"Para llevar a efecto la inscripción de la posesión, el jefe de la dependencia a cuyo cargo esté la administración o custodia de las fincas que hayan de inscribirse, siempre que por su cargo ejerza autoridad pública o tenga facultad de certificar, expedirá por duplicado una certificación en que, refiriéndose a los inventarios o a los documentos oficiales que obren en su poder, haga constar:

"*Primero*. La naturaleza, situación, medida superficial, linderos, denominación y cargas reales de las fincas o derechos que se trate de inscribir.

"*Segundo*. La especie legal, valor, condiciones y cargas del derecho real de que se trate, y la naturaleza, situación, linderos y nombre de la finca sobre la cual estuviere aquél impuesto.

"*Tercero*. El nombre de la persona o corporación de quien se hubiere adquirido el inmueble o derecho, cuando constare.

"*Cuarto*. El tiempo que lleve de posesión el Estado, provincia, pueblo o establecimiento si pudiera fijarse con exactitud o aproximadamente.

"*Quinto*. El servicio público u objeto a que estuviere destinada la finca.

"Si no pudiera hacerse constar alguna de estas circunstancias, se expresará así en la certificación, mencionando las que sean.

"Estas certificaciones se extenderán en papel de oficio, quedando su minuta rubricada en el expediente respectivo."

La sección 29 de la Ley Municipal expresa que:

"* * * * * * *

"El Alcalde será el Jefe Ejecutivo y representante del municipio, y en tal carácter podrá comparecer y sostener toda clase de acciones y procedimientos ante cualquier funcionario o tribunal de justicia, u otro funcionario público."

El artículo 36, *supra*, tuvo por mira una certificación en forma narrativa. El secretario de un municipio está autorizado para expedir copia certificada de cualquier documento que obre en los archivos generales del municipio, o de cualquier asiento que aparezca en libro de actas de la Asamblea,

o de cualquier ordenanza adoptada por dicha asamblea, y tal certificación es admisible como prueba en cualquier procedimiento civil. Véanse el artículo 37 de la Ley Municipal y los incisos 5 y 6 del artículo 69 de la Ley de Evidencia.

El registrador no se opone a la certificación que ahora estamos considerando fundándose en la forma narrativa de la misma. Por tanto, no es necesario que consideremos la cuestión de su suficiencia desde ese punto de vista.

La certificación dice que a virtud de una ordenanza adoptada el 8 de febrero de 1930 y aprobada por el Alcalde el 12 del mismo mes, la Asamblea Municipal de Yauco cedió a perpetuidad a Ramón Antonmattei y Pietri el uso y aprovechamiento de los dos solares de que se trata. Por los términos y condiciones de esta ordenanza, el cesionario y sus causahabientes deberán pagar anualmente al municipio determinada suma por concepto de arrendamiento. Bajo tales circunstancias, un alcalde, como jefe ejecutivo del municipio, puede solicitar que los terrenos de que así dispone la asamblea municipal sean inscritos a nombre del municipio.

Aun a falta de cualquier actuación por parte de la asamblea municipal, los artículos 29 y 37 de la Ley Municipal, interpretados en relación con el 36 del Reglamento y suplementados por el 69 de la Ley de Evidencia, parecen lo suficientemente amplios para permitir al alcalde y al secretario, actuando conjuntamente como en el presente caso, que soliciten y obtengan que se inscriba la posesión.

Otra objeción fué que la certificación no cumplía con las disposiciones del artículo 36 del Reglamento ni con las reglas establecidas por ciertas decisiones de la Dirección General de los Registros, por una circular emanada de la Dirección de Propiedades, y por ciertas decisiones del Tribunal Contencioso Administrativo de España.

La certificación dice que el municipio ha poseído los dos solares desde tiempo inmemorial y que es imposible designar la persona o corporación de quien fueron habidos. El registrador indica que esta aseveración no cumple con las dispo-

siciones del inciso 4 del artículo 36, *supra*. A este respecto, llama nuestra atención hacia lo expresado en la certificación, al efecto de que lo que en ella se expone consta en docu-metos obrantes en los archivos del municipio. El juzga extraño el que los archivos no revelen el nombre de la persona o corporación de quien se adquirió la propiedad en cuestión.

El inciso 3, *supra,* exige que se dé el nombre de la persona o corporación de quien se hubiere adquirido el inmueble o derecho, solamente *"cuando constare."* El inciso 4 exige que el período de posesión sea especificado sólo *"si pudiera fijarse con exactitud o aproximadamente."* Un inciso posterior del artículo 36 citado dispone que: *"Si no pudiera hacerse constar alguna de estas circunstancias, se expresará así en la certificación, mencionando las que sean."* Sería superfluo comentar tales disposiciones.

◼ Como tercer fundamento, el registrador especifica lo que él califica de duda razonable en cuanto a si los dos solares de que se trata no pueden formar parte de otro predio de terreno de cabida indeterminada, inscrito a nombre del municipio, del cual se han hecho 174 segregaciones.

Ambos solares lindan por el frente con la Calle Dr. Gatell. Por la parte trasera, ambos lindan con la Calle Mejía. La descripción del terreno ya inscrito a nombre del municipio incluye una lista de calles y sus transversales. Ni la Calle Dr. Gatell ni la Mejía aparecen entre las enumeradas. Nada hallamos en la descripción de los dos solares que, compa-rándola con la de los terrenos inscritos a nombre del muni-cipio, indique que cualquiera de dichos solares forme parte de tales terrenos. El registrador no sienta base alguna en su alegato para una duda razonable a este respecto. Ni siquiera discute la cuestión de esa duda razonable.

El cuarto y último fundamento para su negativa fué que la parte interesada, a pesar de haber sido notificada de los distintos defectos en cuestión, no había realizado esfuerzo alguno por disipar la duda a que acabamos de aludir, o para demostrar, mediante prueba documental, que los dos solares

de que se trata no forman parte de la parcela que constaba inscrita a nombre del municipio. La única autoridad citada en apoyo de esta contención es el caso de *Díaz* v. *El Regis-. trador,* 16 D.P.R. 275. Una ojeada a la opinión allí emitida bastará para distinguirlo del presente caso.

*Debe revocarse la nota recurrida.*